IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GLENN KANVICK,<br><br>                    Plaintiff,<br><br>vs.<br><br>BILLINGS PUBLIC SCHOOLS,<br>DISTRICT #2 ALL PAST AND<br>FUTURE TRUSTEES, et al.,<br><br>                    Defendants. | CV 22-26-BLG-SPW-TJC<br><br><br>**FINDINGS AND<br>RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

Plaintiff Glenn Kanvick (Kanvick) is proceeding in this matter pro se and in forma pauperis. The Court has reviewed Kanvick's claim in this action, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monitory relief against a defendant who is immune from such relief." For the reasons discussed below, the Court recommends that this action should be **DISMISSED**.

## I.    Background

Pursuant to the § 1915, the Court previously found Kanvick's initial complaint in this case failed to state a claim. (Doc. 6.) The Court explained the deficiencies in the pleading, and gave Kanvick the opportunity to file an amended complaint. (Doc. 6.) Kanvick responded by filing a First Amended Complaint. (Doc. 10.)

1

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), the Court must dismiss this case if is determined that Kanvick's claim fails to state a claim on which relief may be granted.  The Court must liberally construe pro se pleadings and extend an opportunity to amend where appropriate.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  But the Court must dismiss a claim when its defects are not cured by amendment.  *See* 28 U.S.C. § 1915(e)(2).

"[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint may not simply allege that a wrong has been committed and demand relief.  Further, a claim may be dismissed for failure to state a claim if it is apparent on the face of the complaint that the claim is time-barred.  *Joseph v. Am. Gen. Life Ins. Co.*, 495 F. Supp. 3d 953, 958 (S.D. Cal. 2020).

## II.    Analysis

In the First Amended Complaint, Kanvick purports to raise 16 separate counts, but does not specify any relief sought.  Kanvick has listed many incidents that allegedly occurred between the years 2006 and 2011, although it is unclear what the nature of his claims are.  Construing Kanvick's claims liberally, however, it appears he could possibly be asserting claims for defamation and/or

hostile work environment.  *See* Doc. 10 at 3 ("who made these false allegations against me") and 9 ("it does constitute a hostile work environment").

The Court finds Kanvick's First Amended Complaint is insufficient to state a claim on which relief may be granted because his allegations are based on events that occurred over 10 years ago.  The statute of limitations for a defamation claim in Montana is two years.  Mont. Code Ann. § 27-2-204(3).  Hostile work environment claims must be filed within 180 or 300 days after the alleged unlawful practice occurred, and at least one act that constitutes the claim must fall within the time period.  Mont. Code Ann. § 49-2-501(4); 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Co. v. Morgan*, 536 U.S. 101, 105 (2002).

Here, Kanvick initiated this action on March 25, 2022, yet the latest allegation relating to his claims occurred on November 7, 2011.  (Doc. 10 at 13.)  Thus, his claims are well outside the applicable statute of limitations.  Even assuming Kanvick's allegations are true, and assuming he could state a plausible claim, the Court finds his claims would be time-barred.

Moreover, there are no facts alleged which could conceivably be construed as supporting equitable tolling.  As to any potential claim to which the federal statute of limitations may apply, the Ninth Circuit has found that "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way and prevented timely filing.'" *Smith v. Davis*, 953 F.3d 582, 590 (9th Cir.), cert. denied, 141 S. Ct. 878, 208 L. Ed. 2d 440 (2020) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 150, 155 (2016)).  To satisfy the first requirement, a plaintiff "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id*. at 598-99.  In determining the second requirement, "a court is not bound by 'mechanical rules' and must decide the issue based on all the circumstances of the case before it." *Id*. at 600 (quoting *Holland v. Florida*, 560 U.S. 631, 649-50 (2010)).  In this case, Kanvick has not alleged any facts to indicate that he was reasonably diligent in pursuing his claim or that any extraordinary circumstance prohibited him from doing so.

For any possible claim to which Montana law applies, the Montana Supreme Court has found equitable tolling applies "when a party reasonably and in good faith pursues one of several possible legal remedies and the claimant meets three criteria: "(1) timely notice to the defendant within the applicable statute of limitations in filing the first claim; (2) lack of prejudice to [sic] defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Let the People Vote*

*v. Bd. of Cty. Comm'rs of Flathead Cty.*, 120 P.3d 385, 389 (Mont. 2005) (alteration in original) (citations omitted).  There are no facts alleged to suggest that Kanvick pursued other possible legal remedies or that any Defendant had notice of his claim within the applicable statute of limitations.

Thus, it is apparent on the face of the First Amended Complaint that Kanvick's claim is time-barred.  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted.  *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1130 (9th Cir. 2000),

## III.    Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's First Amended Complaint be **DISMISSED WITH PREJUDICE**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

<u>Plaintiff must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

**IT IS ORDERED**.

DATED this 4th day of April, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge